**RIEDEL INTERNATIONAL, INC., an Oregon corporation, Plaintiff,**

v.

**ST. HELENS INVESTMENTS, INC., a Washington corporation dba Pozzolanic International; Pozzolanic Northwest, Inc., a Washington corporation; and Pozzolanic Northwest Bulk Carriers, Inc., a Washington corporation; Defendants.**

Civ. No. 84–1378–FR.

United States District Court, D. Oregon.

Oct. 11, 1985.

Barnes H. Ellis, George K. Meier, III, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for plaintiff.

Bradley D. Stam, Tyler B. Ellrodt, Culp, Dwyer, Guterson & Grader, Seattle, Wash., David P. Templeton, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland Or., for defendants.

## ORDER

FRYE, District Judge:

The matters before the court are defendants' motion to compel production of documents and Stoel Rives' motion to quash subpoena duces tecum.

## BACKGROUND

Plaintiff brought this action against St. Helens Investment, Inc., Pozzolanic Northwest, Inc., and Pozzolanic Bulk Carriers, Inc. (Pozzolanic). Plaintiff seeks to recover treble damages from Pozzolanic under the Sherman Act, 15 U.S.C. §§ 1 and 2. Plaintiff alleges that Pozzolanic has unreasonably restrained trade and eliminated competition in the sale and transportation of fly ash.

On March 12, 1985, this court granted plaintiff's motion to compel, but denied Pozzolanic's motion to compel, with leave to renew after plaintiff produced the documentation itemized on page 3, lines 8–15, of plaintiff's memorandum in opposition to defendants' motion to compel production. Pursuant to that order, plaintiff produced a periodic summary showing the prices and quantities relating to plaintiff's monthly cement purchases from 1977 to 1984. Pozzolanic now renews its motion to compel.

In addition, Pozzolanic served the custodian of the records for the law firm of Stoel, Rives, Boley, Fraser and Wyse (Stoel Rives) with a subpoena duces tecum as well as a notice of deposition. Stoel Rives now moves this court to quash the subpoena duces tecum.

Stoel Rives represents the plaintiff in this action. Stoel Rives also represents Pacific Power & Light Co. (PP & L), one of the major utilities that supplies Pozzolanic with fly ash under one of the long term contracts which are the subject of this litigation. Pozzolanic contends that Stoel Rives, acting as counsel for and with the consent of PP & L, conducted a study of the antitrust implications of the long term contract between Pozzolanic and PP & L. That study, its results, and all communications relating thereto are the subject of the subpoena duces tecum.

### Pozzolanic's Motion to Compel Production of Documents

■■■ The offense of unlawful monopolization has two elements: (1) possession of monopoly control or power in the relevant market, and (2) the intent to acquire, maintain, or use that power. *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1703–1704, 16 L.Ed.2d 778 (1966). Determination of the relevant product and its geographic market area is a condition precedent to a finding of unlawful monopolization. *See, United States v. E.I. duPont de Nemours Co.*, 351 U.S. 377, 394–400, 76 S.Ct. 994, 1006–1009, 100 L.Ed. 1264 (1956); *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177, 86 S.Ct. 347, 350, 15 L.Ed.2d 247 (1975) (absent a definition of the market area, a court cannot measure the effect on competition).

■■■ Plaintiff contends that the relevant market area for the production and transportation of fly ash is the States of Oregon and Washington. Pozzolanic contends that the relevant market area stretches beyond the States of Oregon and Washington and is not limited to the production and transportation of fly ash but includes all binding agents for concrete. These contentions raise issues of fact to be settled by the trier of fact based upon the evidence presented; therefore, the documents pertaining to the issues of relevant product

and relevant geographic market area are material to this litigation.

Pozzolanic makes the following requests:

*REQUEST NO. 4:* All documents which refer or relate to purchases and/or negotiations regarding purchases of cement by plaintiff.

*REQUEST NO. 6:* All documents which refer or relate to the prices paid by plaintiff for transportation of fly ash and/or cement purchased from any source other than defendants.

*REQUEST NO. 12:* All documents which refer or relate to the costs and/or prices of cement purchased, processed, sold, transported and/or delivered by plaintiff, including but not limited to any price discounts and/or special prices offered by plaintiff to any of its customers.

*REQUEST NO. 14:* All documents which identify and/or discuss individuals and/or entities that have offered to sell and/or have sold fly ash and/or cement for delivery in the states of Washington and/or Oregon.

*REQUEST NO. 19:* All documents which disclose, refer or relate to the percentage or portion of plaintiff's total production of concrete that includes fly ash as a component.

Discovery in antitrust litigation is liberally granted. *United States v. International Business Machines,* 83 F.R.D. 97 (S.D.N.Y. 1979).

■■■ The court concludes that Pozzolanic's requests are limited to documentation that directly relates to the issues of (1) relevant product and geographic market area, and (2) plaintiff's purchases of cement and fly ash; and (3) the interrelationship of those purchases. Pozzolanic's motion to compel production of documents is GRANTED in its entirety.

### Plaintiff's Motion to Quash Subpoena Duces Tecum

Pozzolanic requests the following documents pursuant to a subpoena duces tecum issued, along with a notice of deposition, to the custodian of the records at Stoel Rives:

1. All documents which constitute, refer or relate in any way to analyses, reviews and/or reports that you have made for Pacific Power & Light Company or any other utility company concerning the validity and/or legality of any contracts, drafts of contracts and/or proposed contracts, or any portion thereof, for the production, sale, purchase, marketing, disposal, use and/or transportation of fly ash.

2. All documents which refer or relate in any way to meetings and/or communications you have had with Pacific Power & Light Company concerning the validity and/or legality of any contracts, drafts of contracts and/or proposed contracts, or any portion thereof, for the production, sale, purchase, marketing, disposal, use and/or transportation of fly ash.

3. All documents which refer or relate in any way to meetings and/or communications you have had with defendants and/or any other person or entity concerning the validity and/or legality of any contracts, drafts of contracts and/or proposed contracts, or any portion thereof, for the production, sale, purchase, marketing, disposal, use and/or transportation of fly ash.

4. All documents which refer or relate in any way to your participation in drafting and/or negotiating the terms of any contracts, drafts of contracts and/or proposed contracts, or any portion thereof, for the production, sale, purchase, marketing, disposal, use and/or transportation of fly ash, including but not limited to your participation in drafting and/or negotiating the terms of Contract No. 3804–983 between Pacific Power & Light Company and Pozzolanic Northwest, Inc. dated March 1, 1977.

Stoel Rives asserts that the documents requested by defendants are protected by the attorney-client privilege. The burden is on Stoel Rives to convince the court that the requested materials fall within the purview of the attorney-client privilege and that the privilege has not been waived. *See, Weil v. Investment Indicators, Research and Management,* 647 F.2d 18, 25 (9th Cir.1981).

■ The evidence shows that PP & L, at Pozzolanic's request, consulted Stoel Rives and requested Stoel Rives to conduct an evaluation of the contract that now exists between PP & L and Pozzolanic. At a meeting held at the offices of Stoel Rives, attorneys for Stoel Rives, representatives from PP & L, and the president of Pozzolanic discussed the implications and results of the Stoel Rives' evaluation. At no time relevant to this litigation has Stoel Rives represented Pozzolanic.

Assuming without deciding that the materials prepared by Stoel Rives are covered by the attorney-client privilege, the court finds that the meeting held at Stoel Rives acted as a waiver of the attorney-client privilege as to the communications between Stoel Rives and PP & L concerning Stoel Rives' analysis and discussion of the terms, implications, and performance of the contract between Pozzolanic and PP & L which were the subject of the meeting attended by Pozzolanic. *Weil,* 647 F.2d at 24. However, the waiver of the attorney-client privilege is limited to the subject of that particular meeting and to the documents relating to the subject of that meeting.[1]

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pozzolanic's motion to compel as to request Nos. 4, 6, 12, 13, 14, and 19 is GRANTED.

2. Plaintiff's motion to quash as to Pozzolanic's requests Nos. 1, 2, and 4 is GRANTED.

3. Plaintiff's motion to quash as to Pozzolanic's request No. 3 is DENIED.

---

1. Stoel Rives contends that even if the attorney-client privilege has been waived, the documents covered by the subpoena duces tecum are irrelevant. However, the intent to acquire, maintain, or use monopolistic power is an element of the offense of unlawful monopolization. *See, Grinnell,* 384 U.S. at 570–571, 86 S.Ct. at 1703–1704. Therefore, documents which shed light on Pozzolanic's intent are relevant.